96 F.3d 1430
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Kevin Robert JAMES, Plaintiff, Appellant,
v.
Rock WELCH, et al., Defendants, Appellees.
 No. 96-1452.
 United States Court of Appeals, First Circuit.
 Sept. 23, 1996.
 
 Kevin Robert James on brief pro se.
 Christopher C. Taintor and Norman, Hanson & Detroy on brief for appellees.
 Before TORRUELLA, Chief Judge, CYR and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff's papers, liberally construed, could be read as complaining about both the type of dental treatment supplied (e.g., fillings versus extraction) and the delay in furnishing it. It is clear from plaintiff's appellate brief that he is no longer challenging the decision to save his teeth rather than to extract them, and plaintiff has instead redirected his focus on an allegedly unconstitutional delay in furnishing treatment. His complaint, however, failed to allege that the named defendants were responsible for the delay. In short, plaintiff failed adequately to allege deliberate indifference on the part of the named defendants. The magistrate-judge's report alerted plaintiff to the deficiency in general terms and, effectively, afforded plaintiff an opportunity to supplement his pleadings. When plaintiff's objections to the magistrate-judge's report failed to cure the deficiency, the court did not abuse its discretion in dismissing the complaint. See Purvis v. Ponte, 929 F.2d 822, 826-27 (1st Cir.1991) (upholding § 1915(d) dismissal of a factually inadequate complaint where plaintiff failed, despite notice, to remedy the omissions).
 
 
 2
 Plaintiff contends he should have been afforded discovery. We disagree. Plaintiff failed to allege enough to warrant discovery. Plaintiff claimed to have copies of his medical request slips and responses to them, yet he failed to state, for example, to whom he reported his pain, when, and what the response (or lack of response) was.
 
 
 3
 Affirmed. Loc. R. 27.1.